# IN THE SUPREME COURT OF IOWA

No. 13–1241

Filed March 13, 2015

**IN RE THE DETENTION OF STEPHEN C. CURTISS,**

**STEPHEN C. CURTISS,**

Appellant.

---

Appeal from the Iowa District Court for Story County, Steven J. Oeth, Judge.

A person committed under the Sexually Violent Predator Act appeals the district court's revocation of his release with supervision. **AFFIRMED.**

Steven L. Addington and Thomas J. Gaul, Assistant State Public Defenders, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee.

**WIGGINS, Justice.**

The court placed Stephen Curtiss in the Civil Commitment Unit for Sexual Offenders (CCUSO) in 2008 following a hearing in which the State proved beyond a reasonable doubt that he was a sexually violent predator. At an annual review hearing on January 17, 2011, the district court found the State failed to meet its burden to prove Curtiss was likely to commit a sexual offense if discharged and ordered Curtiss discharged from CCUSO. However, the district court determined that "any such discharge must be supervised as per Iowa Code Section 229A.9A." The district court order Curtiss "released with supervision" to the House for New Life in Lincoln, Nebraska.

The State filed a motion to enlarge or amend the findings of the court, challenging Curtiss's placement in the House for New Life, an out-of-state facility. On February 17, 2012, the district court granted the motion and found the facility was not an agency with jurisdiction as defined by the Code.[1] The district court then ordered Curtiss released with supervision and ordered the Iowa Department of Human Services (DHS) to develop a new release plan for Curtiss. DHS created a release plan for Curtiss releasing him to the transitional release program within CCUSO under a release with supervision status. The district court approved the plan on September 5, 2012. Curtiss did not appeal any of these orders.

While released with supervision, Curtiss had a number of violations of his release conditions. These included his (1) failure to fully participate in counseling, (2) failure to identify a primary healthcare

---

[1]Judge Dale Ruigh entered the second order because the original judge who determined the State failed to meet its burden at the 2011 review hearing had retired.

provider in the community, (3) failure to establish a case manager, (4) failure to complete his GED and procure employment, (5) failure to fully participate in group treatment discussions during sex offender treatment, and (6) the use of his six community outings to shop and dine out rather than work on procuring housing and community support. In April 2013, DHS alerted the court to these violations.

In July, the court conducted a hearing concerning his release condition violations. Prior to the presentation of any testimony, the court and the parties made the following record.

> MS. KRAEMER [(attorney for the State)]: . . . We have filed a motion to revoke the release with supervision status under Iowa Code 229A.9B, and we're prepared to present information on that today.

> THE COURT: Okay. And, Mr. Addington [(Curtiss's attorney)], do you agree that that's the issue before the court, whether or not there's a basis for that?

> MR. ADDINGTON: I believe that's one of the issues, is whether they have a basis to revoke. I also have - - I think we should discuss whether Judge Ruigh's plan is a feasible plan given the nature that they want to revoke it at this time.

> THE COURT: Okay. I'm not following the second part of what you said, sir.

> MR. ADDINGTON: Sure. They are basically wanting to revoke Mr. Curtiss because he's not progressing in treatment. We have Judge Pattinson's order saying he no longer has a mental abnormality and should be released and released with services. It's res judicata that he no longer has a mental abnormality and should not held in CCUSO.

> Judge Pattinson then ordered that he be released with services to a facility in Nebraska, and Judge Ruigh ordered that that was not a feasible plan; that Nebraska did not have any jurisdiction over this under 229A and it was not an agency under 229A. He then adopted the State's plan under our resistance to place him back at the CCUSO facility, and I don't think that's been workable.

THE COURT: All right.  So you want to review Judge Ruigh's plan as well?

MR. ADDINGTON: We would just ask for outright release today.

THE COURT: All right.

MS. KRAEMER: Your Honor, we would object to that. We don't think that's before the court today, as there's been no motion to that effect and no notice that that's Mr. Addington's position.

The gist of the argument made by Curtiss at this point in the hearing was that the district court erred in its January 17, 2011 order because the court should have discharged Curtiss from CCUSO, rather than releasing him with supervision, because he no longer suffered from a mental abnormality.  Curtiss further argued the court compounded the original error on September 5, 2012, when it ordered him released with supervision to the transitional release program within CCUSO.

At the close of the evidence, Curtiss made two other arguments that bear on this appeal.  First, in speaking about the 2012 release plan he argued:

> First of all, I believe that that statute itself is vague.  It would always be in the best interests of the community and probably violate some due process law, but I'm not arguing that today.  I'm arguing that the attorney general then had a motion to enlarge and their basis was that the release with services to a proper agency, which happened to be a house in Nebraska, was not a proper agency and we needed a proper agency.  [T]he head of CCUSO, came in and testified that the best release plan would be the transitional release at CCUSO.  We objected to that.  He was then placed there in September of 2012.

He then argued:

> Really what they're saying is we were wrong in 2010; we want to correct it today.  This is not the proper forum for that.  I believe that he should be retained in release with supervision but we need a new release with supervision plan. We'd like a hearing on that so we can explore having him

released with supervision to DOC, somebody that can actually - - would move him through the program.

At this point in the proceedings, Curtiss appears to abandon his claim that the court should have discharged him from CCUSO and asks the court to redo the release with supervision plan approved by the court on September 5, 2012.

On July 17, 2013, the district court found the State met its burden to prove Curtiss had violated his release plan and returned him to CCUSO in the full commitment side of the facility. Curtiss filed an appeal from this order.

On appeal, Curtiss returns to his original argument claiming he should not be in CCUSO when a court has determined he no longer suffers from a mental abnormality. His only brief point states:

> WHEN A PERSON HAS BEEN FOUND TO NO LONGER HAVE A MENTAL ABNORMALITY UNDER IOWA CODE 229A.8(6)(D)(1) AND IS DISCHARGED FROM THE CIVIL COMMITMENT PROGRAM, THE STATE DOES NOT HAVE A RIGHT TO REVOKE HIS RELEASE AND PUSH HIM BACK INTO THE PROGRAM.

The conclusion of his brief reaffirms this position by stating: "For the foregoing reasons, Mr. Curtiss requests the Court to remand this case to the district court for discharge of Mr. Curtiss from civil commitment under Iowa Code 229A."

In addressing this issue, we must first focus on the initial rulings the court made in releasing Curtiss with supervision. A fair reading of the order releasing Curtiss with supervision does not support Curtiss's position that he does not suffer from a mental abnormality. In its January 17, 2011 order, the district court specifically found, "Mr. Curtiss is a pedophile and that he is also afflicted with an anti-social personality disorder." However, the court was unable to find beyond a reasonable

doubt that Curtiss is more likely than not to reoffend. This finding caused the court to release Curtiss with supervision. *See* Iowa Code § 229A.8(6)(*d*)(1) (2011) (placing the burden of proof on the State to prove beyond a reasonable doubt "[t]he committed person's mental abnormality remains such that the person is likely to engage in predatory acts that constitute sexually violent offenses if discharged"); *see also id.* § 229A.9A(1)(*b*) ("The court or jury has determined that the person should be discharged from the program, but the court has determined it is in the best interest of the community to order release with or without supervision before the committed person is discharged.").

The only argument Curtiss makes on appeal to support his present contention is section 229A.9B(5) is inconsistent with section 229A.8(6)(*d*)(1). He argues that once the court has found the State failed to meet its burden that the committed person is likely to engage in predatory acts that constitute sexually violent offenses if discharged, the court cannot return that person to CCUSO because of the violations of his release conditions. Curtiss did not argue on appeal or in the district court that his return to CCUSO violates his constitutional rights.[2] Thus, the only issue for us to decide in this appeal is whether the court can return him to the secure side of CCUSO upon revocation of his release with supervision under chapter 229A.

---

[2]We understand that confining a person as a sexual predator without the finding that the person has a mental abnormality that makes him more likely than not to engage in acts of a sexually violent nature violates a person's due process at the time of the original commitment. *See In re Det. of Garren*, 620 N.W.2d 275, 284 (Iowa 2000). Curtiss has not raised a due process argument as to whether the State can return him to the secure side of CCUSO from the transitional release side of CCUSO after he violated the conditions of his release with supervision when the court previously determined the State did not meet its burden to prove he was more likely than not to reoffend. Therefore, we must leave this issue for another day.

We start by noting two important points relevant to our decision in this appeal. First, we have determined the statutory scheme allowing for release with supervision does not suffer from any statutory or constitutional infirmities if the person still suffers from a mental abnormality. *In re Det. of Matlock*, ____ N.W.2d ____, ____ (Iowa 2015). Thus, release with supervision when a person still suffers from a mental abnormality is proper.

Second, and more importantly, when the court released Curtiss with supervision, the court did not release him from CCUSO, but rather put him in the transitional release side of CCUSO. Curtiss chose not to appeal this order. Thus, he has waived the argument that he cannot be at CCUSO when the State has failed to prove beyond a reasonable doubt that he was more likely than not to reoffend.

When a person violates release with supervision, section 229A.9B of the Code governs how the court handles a violation of release. Section 229A.9B states in relevant part:

> If the court determines a violation occurred, the court shall receive release recommendations from the department of human services and either order that the committed person be returned to release with or without supervision or placed in a transitional release program, or be confined in a secure facility. The court may impose further conditions upon the committed person if returned to release with or without supervision or placed in the transitional release program. If the court determines no violation occurred, the committed person shall be returned to release with or without supervision.

Iowa Code § 229A.9B(5).

The clear and unambiguous language of the statute allows the court to return Curtiss to a secure facility including CCUSO. Curtis's argument that the court cannot return him to CCUSO after a finding that

the State failed to prove he was more likely than not to reoffend, cannot be made in this appeal for two reasons.

First, the district court never released him from CCUSO when the court placed him on the transitional release side of CCUSO. Second, Curtiss failed to appeal the order placing him in the transitional release side of CCUSO after the court determined the State failed to prove he was more likely than not to reoffend. The time to appeal his placement in CCUSO was within thirty days after the court placed him in transitional release within CCUSO, not after he violated the terms of the conditions of his release. *See* Iowa R. App. P. 6.101(1)(*b*) (requiring an appeal to be filed within thirty days of the final order or judgment). By not appealing the prior court order, Curtiss has waived this claim.

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**